IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GOV ELECTRONIC FILING SVC LLC | § | |
| | § | |
| *Plaintiff,* | § | |
| vs. | § | |
| | § | Case No. _____ |
| NGUYEN TRUNG TIN, and DGBIZ LLC | § | |
| | § | **JURY TRIAL DEMANDED** |
| *Defendants.* | § | |

## COMPLAINT

Plaintiff Gov Electronic Filing Svc LLC ("Plaintiff") brings this action against defendants Nguyen Trung Tin ("Tin") and DGBIZ LLC ("DGBiz") (collectively "Defendants") and alleges:

### NATURE OF THE ACTION

**1.** This is an action against Tin in his individual capacity (along with other unknown individuals to be added as discovery progresses) and his corporate front DGBiz based on their blatant copying of Plaintiff's website and conspiracy to ride on Plaintiff's coattails by creating confusion in the market, including through Defendants' use of Plaintiff's federal trademark registration on the trademark "ClickDissolve".

**2.** It is believed that Tin, while he may be the chief ring leader, has not acted alone in the wrongful conduct alleged herein. Plaintiff expects to learn through discovery the identities of the other individuals (including one or more of Plaintiff's former employees, and other persons, shareholders, managers, members, and entities behind DGBiz) who acted in concert with Tin as part of an illegal enterprise to inflict harm on and steal business from Plaintiff. Plaintiff will be adding these individuals to this lawsuit as additional defendants as discovery proceeds based on their wrongful acts in concert with Tin and DGBiz.

3. Plaintiff seeks statutory damages in the amount of Two Million Dollars under the United States Trademark "Lanham" Act (Title 15, United States Code, Section 1117) against Tin individually, DGBiz, and also against each of the individual defendants to be added to this lawsuit as discovery progresses. In addition, Plaintiff also seeks punitive damages under Texas state law against Tin, DGBiz, and each individual defendant to be added to this lawsuit. Plaintiff seeks further remedies enumerated below.

## THE PARTIES

4. Plaintiff is a limited liability company organized and existing under the laws of the State of Wyoming. Plaintiff is based in and conducts its dissolution services business under its federally-registered "ClickDissolve" trademark from this district. Plaintiff's address in this district is 11110 Bellaire Boulevard, Suite 106, Houston, Texas 77072.

5. On information and belief, Tin is an individual whose email address is [nguyentrungtin067@gmail.com](mailto:nguyentrungtin067@gmail.com), whose last known address within this district is 8014 Ivy Bush Bend Lane, Richmond, Texas 77047, and who also has an address at and can be served with process at 63 Nguyễn Hữu Cảnh, Phường 11, Thành phố Cao Lãnh, Đồng Tháp, Vietnam. On information and belief, Tin is conducting infringing activities complained of herein in concert with one or more persons within this district, including one or more persons doing business from an address in this district at 3100 Wilcrest Drive, Suite 150, Houston, Texas 77042. Upon information and belief, Tin has at all times relevant herein solely or in concert with others, including current or former employees of Plaintiff and/or individuals associated with DGBiz, controlled and directed the acts of DGBiz, and authorized, directed, caused, and participated in the wrongful acts of trademark infringement and unfair competition complained of herein.

6. On information and belief, DGBiz is a limited liability company organized and existing under the laws of the State of Wyoming, and having an address at 1544 Alder Street, Unit 98, Eugene, Oregon 97401. Upon information and belief, DGBiz also has a business address within this district at 3100 Wilcrest Drive, Suite 150, Houston, Texas 77042. DGBiz has designated its registered agent for purposes of service of process as Registered Agents Inc., 30 North Gould Street, Suite R, Sheridan, Wyoming 82801-6362, which registered agent has consented to accept electronic service of process at [reports@registeredagentsinc.com](reports@registeredagentsinc.com).

## JURISDICTION AND VENUE

7. This is an action for trademark infringement and unfair competition arising under the provisions of the Trademark Laws of the United States of America, Title 15, United States Code, also known as the Lanham Act, and the laws of the State of Texas.

8. Subject-matter jurisdiction over Plaintiff's claims is conferred upon this Court by 28 U.S.C. §§ 1331, 1338(a) and (b), and 15 U.S.C. §§ 1116 and 1121.

9. On information and belief, Defendants have engaged in tortious acts of trademark infringement and unfair competition within the State of Texas, and have engaged in tortious acts of trademark infringement and unfair competition that have caused injury to Plaintiff that have been felt within the State of Texas and this judicial district, including acts that have caused actual confusion within this district as a result of Defendants' use of Plaintiff's federally-registered "ClickDissolve" trademark.

10. On information and belief, Defendants have advertised their services in competition with Plaintiff's services using Plaintiff's registered "ClickDissolve" trademark throughout the United States, in the State of Texas, and in this district, and have placed said services into the stream of commerce throughout the United States with the expectation that such services would be offered

for sale, marketed, advertised, promoted, viewed, and purchased by consumers located within the State of Texas and within this judicial district.

11. Defendants are subject to personal jurisdiction in the State of Texas and this judicial district.

12. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c).

### PLAINTIFF & ITS TRADEMARK RIGHTS

13. Plaintiff is in the business of assisting companies to dissolve their legal entities, such as limited liability companies, corporations and non-profits, and filing dissolution paperwork with appropriate state agencies. Plaintiff conducts its business under its federally-registered "ClickDissolve" trademark. Plaintiff commenced use of its "ClickDissolve" trademark in connection with its business dissolution services at least as early as June 17, 2020. Since that time, Plaintiff has continuously and exclusively used its "ClickDissolve" mark in connection with its business dissolution services. As a result, Plaintiff has developed significant consumer goodwill and recognition corresponding to its "ClickDissolve" mark.

14. Plaintiff has developed valuable trademark rights in its "ClickDissolve" mark and obtained a corresponding federal trademark registration for its business dissolution services. Plaintiff owns United States Trademark Registration No. 6,721,921 ("the '921 registration"), a true and correct copy of which is attached hereto as Exhibit A and fully incorporated herein by reference. The application from which the '921 registration issued was filed on March 25, 2021. The '921 registration was registered on the Principal Register on May 24, 2022, and lists its date of first use at least as early as June 17, 2020 and its date of first use in commerce at least as early as June 20, 2022. The '921 registration is valid and subsisting.

15. Plaintiff's "ClickDissolve" mark is and has been the subject of substantial and continuous marketing and promotion by Plaintiff in connection with its business dissolution services.

16. Plaintiff continues to market and promote its "ClickDissolve" mark by displaying its "ClickDissolve" mark on its website, through the purchase of its "ClickDissolve" trademark as a keyword in connection with its Google Ad campaign on the Google search engine, and in customer communications. These are just a few examples of the advertising channels through which Plaintiff promotes and markets its business dissolution services in connection with its "ClickDissolve" trademark.

17. As a result of Plaintiff's substantial use and promotion of its "ClickDissolve" mark, the mark has acquired great value as a specific identifier of Plaintiff and its business dissolution services, and it also serves to identify and distinguish Plaintiff's business dissolution services from those of others.

18. Consumers readily recognize Plaintiff's "ClickDissolve" mark as a distinctive designation of the origin of Plaintiff's "ClickDissolve" branded business dissolution services. The "ClickDissolve" mark is an intellectual property asset of considerable value as a symbol of Plaintiff and its high-quality business dissolution services, reputation and goodwill.

### DEFENDANT'S INFRINGING ACTIVITIES

19. Plaintiff recently discovered that Defendants plagiarized Plaintiff's website and are using Plaintiff's federally-registered "ClickDissolve" trademark to knowingly and intentionally confuse Plaintiff's customers and divert business away from Plaintiff to Defendants.

20. Defendants' unlawful scheme to confuse and divert customers is evident from the manner in which Defendants mimicked Plaintiff's website ([www.clickdissolve.com](www.clickdissolve.com)). Indeed, until very recently, Defendants' website ([www.bizclose.us](www.bizclose.us)) included extensive copying of text word-for-

word from Plaintiff's website. Attached hereto as Exhibit B are side-by-side comparisons of screenshots from Plaintiff's webpage and verbatim copying on Defendants' corresponding webpage. Indeed, as shown on the last page of Exhibit B, the "Terms and Services" section of Defendants' website included Plaintiff's "ClickDissolve.com" website in numerous places.

21. As further evidence of Defendants' plagiarism, Defendants used an exact copy of Plaintiff's "Services Agreement" with its customers.

22. Upon information and belief, Defendants have intentionally used Plaintiff's registered "ClickDissolve" trademark to knowingly deceive and confuse customers who are searching specifically for Plaintiff online. In this regard, upon information and belief, pursuant to Defendants' fraudulent scheme, Defendants purchased Plaintiff's trademark "ClickDissolve" as a Google keyword for Defendants' Google Ad campaign. Upon typing "clickdissolve" into a Google search bar and running a search on the Google search engine, Defendants' following ad would appear:

> **Ad · https://www.bizclose.us/**
>
> **Dissolve Your LLC, Corporation - With Just a Few Clicks**
>
> Dissolve your LLC or Corp with us, and we'll help file the paperwork from start to finish. We'll help with all the paperwork you need to officially close your business. Get started.

23. Indeed, in furtherance of their illegal enterprise to confuse and deceive consumers, as shown in the screenshots attached as Exhibits C and D, Defendants intentionally designed their ad and structured their Google keyword campaign using Plaintiff's registered "ClickDissolve" trademark so that Defendants' ad appeared next to Plaintiff's website in the search results so as to induce customers searching for Plaintiff to be confused and contact Defendants instead.

24. Upon information and belief, Defendants conspired and collaborated with one or more of Plaintiff's current or former employees and other persons associated with DGBiz to copy from Plaintiff's website, infringe on Plaintiff's trademark rights, and unfairly compete with Plaintiff.

25. Upon information and belief, Defendants wrongful acts of trademark infringement and unfair competition as complained of herein have been carried out with full knowledge of Plaintiff's business and "ClickDissolve" trademark rights.

26. Upon information and belief, Defendants plagiarized Plaintiff's website and other materials and used Plaintiff's "ClickDissolve" trademark for the purpose of trading on Plaintiff's goodwill and reputation associated with the "ClickDissolve" mark, and also to trick and confuse customers and potential customers of Plaintiff and divert business away from Plaintiff to Defendants.

27. Based on Defendants' deceptive behavior, consumers did and will likely perceive some connection or association between Plaintiff and Defendants as to source, sponsorship, or affiliation in light of Defendants' deceptive use of Plaintiff's "ClickDissolve" trademark, even though no such connection or association exists.

28. Defendants' intentional and deceptive acts of infringement and unfair competition as complained of herein have actually caused consumer confusion, including by at least one consumer within this district, including causing consumers to think that Defendants' [www.bizclose.us](http://www.bizclose.us) website is connected to, endorsed by, sponsored by, and/or affiliated with Plaintiff. In this regard, Plaintiff has further been harmed by consumers' negative impression or experience with Defendants [www.bizclose.us](http://www.bizclose.us) website being attributed to Plaintiff, thereby tarnishing and injuring Plaintiff's reputation.

29. Defendants' actions have enabled them to trade off of and receive the benefit of the goodwill built up by Plaintiff through its continuous and exclusive use of Plaintiff's "ClickDissolve" mark.

30. The business dissolution services Defendants provide in connection with their website and use of the "ClickDissolve" mark are the same as the business dissolution services Plaintiff provides under its federally-registered "ClickDissolve" mark.

31. The consumers to whom Defendants advertise and market their business dissolution services using the "ClickDissolve" mark are the same consumers to whom Plaintiff advertises and markets its "ClickDissolve" business dissolution services.

32. Plaintiff and Defendants market and advertise their respective business dissolution services through similar channels, including through the identical online advertising Google Ad channel.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
## [15 U.S.C. § 1114]

33. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

34. Plaintiff is the owner of a valid and enforceable United States trademark registration for its "ClickDissolve" mark, namely, the '921 registration.

35. Defendants have used in commerce, without Plaintiff's permission, an identical and confusingly similar mark to Plaintiff's "ClickDissolve" mark that is the subject of the '921 registration in connection with the sale, offer for sale, advertisement, promotion and provision of business dissolution services, which is likely to cause confusion or mistake, or to deceive.

36. Defendants' use of Plaintiff's "ClickDissolve" mark in connection with its business and without Plaintiff's permission has caused, or is likely to cause, confusion, mistake or deception, and the public is likely to believe mistakenly that Defendants and their services have their source or

origin with Plaintiff, or are in some manner approved by, associated with, sponsored by or connected with Plaintiff, all in violation of 15 U.S.C. § 1114.

37. Upon information and belief, Defendants had actual knowledge of Plaintiff and Plaintiff's prior use of its "ClickDissolve" mark for business dissolution services, yet has continued to infringe on Plaintiff's trademark rights. Upon information and belief, Defendants' alleged wrongful acts of infringement have been willful, deliberate and intentional, and done with the intent to trade on Plaintiff's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Defendants' services are associated with, sponsored by, originated from, or approved by Plaintiff, when they are not. Upon information and belief, Defendants' infringement complained of herein has been willfully done in violation of 15 U.S.C. § 1114.

38. Defendants' acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

39. Tin is individually liable for the damages sustained by Plaintiff based upon his actions authorizing, directing and/or participating in the acts of infringement as alleged herein. Tin is further individually liable to pay to Plaintiff all profits from business dissolution services provided by Defendants in the manner complained of herein.

40. As a consequence of the infringement complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement, for which Plaintiff has no adequate remedy at law.

## COUNT II
### FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
### [15 U.S.C. § 1125(A)]

41. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

42. Plaintiff is the owner of valuable rights in its "ClickDissolve" mark in connection with its business dissolution services.

43. Defendants' various uses of Plaintiff's "ClickDissolve" mark as alleged above constitutes unfair competition and false designation of origin that is likely to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff, all in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

44. Defendants' alleged wrongful acts of unfair competition and false designation of origin have been carried out with actual knowledge of Plaintiff and its ownership and prior use of the "ClickDissolve" mark, have been willful, deliberate and intentional, and done with the intent to cause confusion, or cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Plaintiff, and as to the origin, sponsorship, or approval of Defendants' services or commercial activities by Plaintiff. Defendants' unfair competition and false designation of origin complained of herein have been willfully done in violation of 15 U.S.C. § 1125.

45. Defendants' acts of unfair competition and false designation of origin under § 43(a) of the Lanham Act have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial.

46. Tin is individually liable for the damages sustained by Plaintiff based upon his actions authorizing, directing and/or participating in the acts of unfair competition and false designation of origin as alleged herein. Tin is further individually liable to pay to Plaintiff all profits from business dissolution services provided by Defendants in the manner complained of herein.

47. As a consequence of the violations of § 43(a) complained of herein, Plaintiff has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of unfair competition and false designation of origin, for which Plaintiff has no adequate remedy at law.

## COUNT III
## TEXAS TRADEMARK INFRINGEMENT
## [COMMON LAW]

48. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

49. Defendants' actions infringe Plaintiff's trademark rights under Texas common law.

## COUNT IV
## TEXAS UNFAIR COMPETITION
## [COMMON LAW]

50. Plaintiff repeats and realleges the allegations of the preceding paragraphs, as if fully set forth herein.

51. Defendants' actions are unfair competition against Plaintiff under Texas common law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for entry of judgment that:

A. Each defendant has willfully committed acts of trademark infringement, false designation of origin, and unfair competition, and that the Court enter judgment in Plaintiff's favor

on all of its claims, including judgment that Tin is individually liable for the damages sustained by Plaintiff, and all profits earned by Defendants, as a result of such infringement, false designation of origin, and unfair competition based upon his actions authorizing, directing and/or participating in such wrongful acts;

**B.** Plaintiff be awarded statutory damages against Defendants in the amount of Two Million Dollars pursuant to 15 U.S.C. § 1117(c) based on Defendants' willful infringement of Plaintiff's "ClickDissolve" trademark, including judgment against Tin individually in the amount of Two Million Dollars;

**C.** Plaintiff be awarded all monetary remedies to which it is entitled under federal law and Texas state law, including all profits realized by Defendants, all damages sustained by Plaintiff, and that the award be made jointly and severally against Tin individually and against DGBiz;

**D.** Plaintiff be awarded punitive damages against Defendants in light of the willful, wanton, egregious, and malicious nature of Defendants' wrongful acts complained of herein, which were carried out in reckless disregard for Plaintiff's rights, and that the award of punitive damages be made jointly and severally against Tin individually and against DGBiz;

**E.** Defendants be ordered, jointly and severally, to account to and pay Plaintiff for any and all profits derived by Defendants by virtue of Defendants' acts complained of herein;

**F.** The amount of damages be trebled and that the amount of profits be increased as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

**G.** Plaintiff be granted permanent injunctive relief enjoining Defendants and their respective officers, agents, servants, employees and those persons in active concert or participation with them from further acts of trademark infringement, false designation of origin, and unfair

competition, including an injunction enjoining Defendants from continuing use of the mark "ClickDissolve" or any other name confusingly similar to "ClickDissolve";

  **H.**  Defendants be ordered to deliver and destroy all products and materials bearing the "ClickDissolve" mark or any mark confusingly similar to "ClickDissolve", and all plates, molds, matrices and other means of making same, pursuant to 15 U.S.C. § 1118 and applicable law;

  **I.**  Defendants be ordered to file with this Court and serve on Plaintiff within thirty (30) days after the service of the Court's injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. § 1116;

  **J.**  Plaintiff be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' wrongful acts complained of herein;

  **K.**  Plaintiff be granted its reasonable attorneys' fees;

  **L.**  Plaintiff be awarded its costs; and,

  **M.**  Plaintiff be granted such other and further relief as the Court may deem just and proper under the circumstances.

/

/

/

/

/

/

/

/

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable in accordance with Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 11, 2023      By: /s/ *C. Dale Quisenberry*
                                         C. Dale Quisenberry
                                         Texas State Bar No. 24005040
                                         dale@quisenberrylaw.com
                                         QUISENBERRY LAW PLLC
                                         13910 Champion Forest Drive, Suite 203
                                         Houston, Texas 77069
                                         Telephone: (832) 680-5000
                                         Facsimile: (832) 680-5555

                                         ATTORNEYS FOR PLAINTIFF